UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHNNY DICKEY,<br><br>      Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>      Defendant. | No. CV-12-3028-EFS<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

  Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 17 & 21. Plaintiff Johnny Dickey appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 5. Mr. Dickey contends the ALJ's conclusions and findings of fact are not supported by substantial evidence and are contrary to the law. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

  After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Mr. Dickey's motion and grants the Commissioner's motion.

///

//

/

**A.   Statement of Facts**[1]

At the time of the administrative hearing, Mr. Dickey was 40 years old. ECF No. 10 at 26. He did not complete high school but did earn a GED and has worked previously as an auto repair worker and general laborer. *Id*. at 26, 186. Mr. Dickey began using alcohol, marijuana, heroin, methamphetamine, and cocaine when he was twelve. *Id*. at 21. Mr. Dickey worked in December 2003, September 2004, and March 2005. *Id*. at 174. He stopped working in December 2003 and March 2005 because he was incarcerated, and was again incarcerated for about six months in 2009, and returned to jail in February 2010. *Id*. at 75, 77, 174.

**B.   Procedural History**

In August 2008, Mr. Dickey applied for Supplemental Security Income benefits and Disability Insurance Benefits (hereinafter, "claims for benefits"), alleging disability beginning October 1, 2001, due to bipolar disorder, anxiety, and a left shoulder injury. ECF No. 10 at 18, 154. Later, at the administrative hearing, Mr. Dickey amended his alleged onset date to May 13, 2008. The claims were denied initially on December 1, 2008, and were denied upon reconsideration on April 14, 2009. *Id*. at 18. Thereafter, he filed a written request for hearing on May 20, 2009. *Id.* On July 7, 2010, a video administrative hearing was held before ALJ Gene Duncan wherein Mr. Dickey appeared telephonically from jail and was represented by

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 2

counsel. *Id.* On September 16, 2010, the ALJ denied Mr. Dickey's claims for benefits, determining that notwithstanding his severe impairments (left shoulder problem, depression, anti-social personality disorder, and poly-substance dependence), Mr. Dickey's residual functional capacity permitted a range of light work such as small products assembler and small products inspector. *Id.* at 20-27. The Appeals Council thereafter denied Mr. Dickey's request for review. *Id.* at 1-3.

On March 9, 2012, Mr. Dickey filed this lawsuit, claiming the ALJ's decision is not supported by substantial evidence. ECF Nos. 1 & 5. On November 16, 2012, Mr. Dickey filed his Motion for Summary Judgment, ECF No. 17, and on January 11, 2013, the Commissioner filed her Motion for Summary Judgment, ECF No. 21.

**C.  Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities.  If he is, benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima*

*facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D.   Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs*., 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d

599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.  Analysis**

Mr. Dickey raises four main arguments in support of his contention that the ALJ's findings were not supported by substantial evidence. First, he argues the ALJ improperly rejected his bipolar disorder and anxiety at step two of the sequential evaluation; second, Mr. Dickey states the ALJ improperly rejected the opinions of his treating and examining medical providers; third, Mr. Dickey claims the ALJ improperly rejected his subjective complaints; and fourth, he argues the ALJ failed to meet the step five burden to identify specific jobs consistent with his functional limitations. Upon review of the entire record, the Court rejects these claims and finds the ALJ's determination that Mr. Dickey is not disabled is supported by substantial evidence.

First, while Mr. Dickey maintains that the ALJ's rejection of his bipolar disorder and anxiety at step two requires reversal, the Court disagrees. The ALJ acknowledged that the record reflects a

diagnosis of anxiety, ECF No. 10 at 298, but correctly observed that no medical source ever diagnosed bipolar disorder, *id*. at 22. Additionally, because the ALJ proceeded beyond step two to consider Mr. Dickey's residual functional capacity in steps 3 and 4, the ALJ did not commit reversible error. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding no reversible error where ALJ continued beyond step two and included relevant restrictions in assessing ability to work). Here, the ALJ included these relevant restrictions when reasonably finding that Mr. Dickey could work with a limitation of superficial public contact and interaction with co-workers, and a restriction of working independently rather than in collaboration with others or in intense interaction with others. ECF No. 23. Accordingly, the Court finds the ALJ did not commit reversible error.

Second, the ALJ reasonably evaluated the opinions of Mr. Dickey's treating and examining medical providers, Dr. Ho and Mr. Clark. While Mr. Dickey argues the ALJ rejected Dr. Ho's opinion that he suffered from chronic pain which was made severe by movement, the term "severe" came from Mr. Dickey not Dr. Ho, *id*. at 247, and it was Dr. Ho's opinion that Mr. Dickey could do medium work, *id*. at 251. The ALJ's physical residual functional capacity finding was consistent with Dr. Ho's opinion, and was, in fact, more favorable to Mr. Dickey then Dr. Ho's opinion. Additionally, Mr. Dickey claims the ALJ's improperly rejected Mr. Clark's opinion of marked and moderate limitations. However, the Court finds the ALJ reasonably observed that not only was Mr. Clark not an acceptable medical source, *id*. at 21-22, 25, but his observations were the most extreme of any other

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 7

source, *id*. at 25, and Mr. Clark's opinions were inconsistent with the opinions of an acceptable medical source who specialized in the relevant field of psychology, *id*. Ultimately, Mr. Dickey's argument is an alternative interpretation of the evidence, which because the ALJ's findings are reasonable and supported by substantial evidence, does not justify reversal. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Third, while Mr. Dickey claims the ALJ improperly rejected his own subjective complaints, the Court finds the ALJ reasonably, and not arbitrarily, discounted Mr. Dickey's subjective statements. Specifically, the ALJ found Mr. Dickey's assertions about disabling limitations were belied by his activities, ECF No. 10 at 22, 24, his assertions were inconsistent with the objective medical evidence, *id*. at 4, and his statements about drug use were inconsistent, *id*. at 21, 49, 265, 298, 471. Because the ALJ articulated several valid reasons, supported by substantial evidence, for discrediting Mr. Dickey's assertions, the Court affirms the ALJ's credibility finding.

Finally, Mr. Dickey's claim that the ALJ's hypothetical to the vocational expert did not account for limitations opinioned by Mr. Clark and Dr. Moore, is unsupported by the record. As noted previously, the ALJ reasonably discounted Mr. Clark's opinion, and therefore his opinion need not be contained in the hypothetical. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Additionally, Dr. Moore opinioned that Mr. Dickey had no more than moderate limitations in mental functioning necessitating moderate limitations in interacting with others. ECF No. 10 at 67, 282-85.

The ALJ's hypothetical to the vocational expert included, and is consistent with, this opinion, by including limitations to superficial public contact and interaction with co-workers. *Id*. at 67. Accordingly, the ALJ reasonably relied upon the vocational expert's testimony that Mr. Dickey could do the unskilled assembler job.

**F.   Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Mr. Dickey does not qualify for benefits.

Accordingly, **IT IS HEREBY ORDERED**:

1.   Mr. Dickey's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2.   The Commissioner's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

3.   **JUDGMENT** is to be entered in the Commissioner's favor.

4.   The case shall be **CLOSED**.

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  27th  day of November 2013.

              s/ Edward F. Shea
                 EDWARD F. SHEA
        Senior United States District Judge